In the Matter of HERMAN C. POLLOCK, an Attorney, Respondent.

First Department, June 15, 1917.

**Attorney at law censured — conversion of money belonging to client.**

Attorney at law censured for converting to his own use money collected for his client, and also money paid to him by the client for deposit in court.

DISCIPLINARY PROCEEDINGS instituted by the Association of the Bar of the City of New York.

*Einar Chrystie* [*Harry Crone* of counsel], for the petitioner.

*I. Gainsburg,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar in January, 1910. The petition contains two separate charges of misconduct, which are as follows:

" (a) On or about July 29, 1915, the respondent, while acting as an attorney for one Joseph J. Yabroudi, collected the sum of $139.91, the net proceeds of a judgment obtained in Yabroudi's behalf in the State of Ohio. The respondent converted this money to his own use and up to December 27, 1915, concealed from his client the fact that the money had been collected. On December 27, 1915, the respondent then admitted that he had received the money and promised to account therefor within a few days. On January 3, 1916, respondent paid to Yabroudi $87.91, that being the amount collected less respondent's fees for services rendered. The respondent at no time had any claim or lien upon the said sum of $87.91.

" (b) In April, an action for rent brought by one Gabriel against Yabroudi was pending in the Municipal Court of the City of New York and Yabroudi then gave respondent, who was acting as his attorney, the sum of $22 to be deposited in Court in connection with said action. The respondent

failed to deposit the money, although he had agreed to do so, but converted it to his own use.

"On August 5, 1915, Yabroudi, having learned that the money had not been deposited in Court, demanded the return thereof from the respondent, who then gave Yabroudi a check for $22 which was returned unpaid by the bank on which it had been drawn, as there were not sufficient funds in respondent's account to meet it. The check was again deposited on August 11, 1915, and again returned by the bank for the same reason. Thereafter several demands for the money were made upon the respondent, and in September, 1915, he paid it.

"The respondent had no claim or lien upon the said sum of $22."

With respect to the first charge, designated (a) the respondent admitted the receipt of the $139.91 by check early in August, 1915, and that he cashed the same at the hotel at Hunter, N. Y., where he was then stopping, and dealt with at least a part of the proceeds as if they were his own. He testified, however, that he informed Yabroudi of the receipt of the money upon his return to New York city about August 15, 1915; that Yabroudi then owed him for professional services other than those rendered in the collection of the said $139.91, which he sought to deduct from the collection; and that intermediate the receipt of the money and the payment of the balance of $87.91 to Yabroudi on January 3, 1916, he had numerous heated discussions with Yabroudi with reference to his claims for compensation out of the sum collected.

While Yabroudi admitted that the respondent had performed services for him in various other matters, and that there was a "running account" between them, he denied that he was indebted to the respondent in any sum whatever at the time he intrusted him with the collection in question, or that the respondent informed him that the same had been made until January 3, 1916.

Considering the evidence in the light most favorable to the respondent, we fully concur with the conclusion of the learned official referee that he has been guilty of a course of procedure repeatedly condemned by this court. As stated in *Matter of Evans* (169 App. Div. 502): "It matters not that

respondent and his client were, for some time, unable to agree as to the amount to be paid, or that respondent, as he claims, could at any time have made good the amount, even if it had been lost in speculation. The offense of which respondent was guilty, and it is a serious one, was in dealing with his client's money as if it were his own, and in subjecting it to any risk of loss whatever."

With respect to the second charge (b) it appears that the respondent represented Yabroudi in two actions brought against him by one Gabriel in the Municipal Court to recover one hundred and eighty dollars and fifty dollars respectively. Yabroudi denied that there was any money due from him on account of the first cause of action, but conceded an indebtedness of twenty-two dollars on the second cause of action. The respondent admitted the receipt of twenty-six dollars and fifty cents from Yabroudi about a week before the return day, twenty-two dollars of which was for deposit in court. Instead, he deposited the money in his bank and on the day before the return day gave his clerk, one Brady, a check for twenty-six dollars and fifty cents with instructions to cash the same and deposit the cash in court, twenty-two dollars thereof as a tender under the second cause of action and the balance as a jury fee. Brady neglected to cash the check but on the call of the calendar offered to deposit it with the clerk of the court. The clerk refused to accept the check, and later in the same day refused also to accept a tender of cash because not made on the call of the calendar. The actions were tried in May, 1915.

The respondent testified that he advised Yabroudi of the unsuccessful attempt to deposit the check in court as a tender, and that the latter consented that he retain the twenty-six dollars and fifty cents on account of services rendered for which he had not been paid. He claims to have given Yabroudi the two checks for twenty-two dollars each, the first of which was returned for lack of funds, in response to the latter's request for a loan. Yabroudi denied that he consented to the retention of the money, or that he was informed by the respondent of the latter's failure to deposit the same in court until after he had learned of such failure from the plaintiff's attorney in negotiations for the payment

First Department, June, 1917.      [Vol. 178.

of the judgment. He testified that he then demanded the return of the money from the respondent, and received the first check for twenty-two dollars.

The learned official referee has reported that in his opinion Yabroudi did not consent to the retention of the money by the respondent. We think his conclusion amply sustained by the evidence. In applying to his own use moneys received from his client for a specific purpose, the respondent has been guilty of a breach of trust which cannot be overlooked by this court, irrespective of the injury wrought to the client in an individual case. In view, however, of the respondent's few years at the bar, his moderate demands upon Yabroudi and the latter's unreasonable attitude throughout his relationship with the respondent, we are disposed to accept the recommendation of the learned official referee that moderate discipline will serve the ends of justice.

The respondent should be and hereby is censured for his misconduct.

SCOTT, SMITH, PAGE and DAVIS, JJ., concurred.

Respondent censured. Order to be settled on·notice.